UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CYNTHIA J.,

        Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

22-CV-06494-MJR
DECISION AND ORDER

---

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 14)

Plaintiff Cynthia J.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying her application for Disability Insurance Benefits ("DIB") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 10) is granted, and defendant's motion (Dkt. No. 11) is denied.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed for DIB on April 9, 2019, with an alleged onset date of October 23, 2017. (Administrative Transcript ["Tr."] 136-44). The application was initially denied on August 27, 2019, and upon reconsideration on October 16, 2019. (Tr. 47-74). Plaintiff filed a written request for hearing on December 3, 2019. (Tr. 146-48).

Following an administrative hearing before an Administrative Law Judge ("ALJ"), Plaintiff was found not to be disabled. (Tr. 12-32). The Appeals Council ("AC") denied review. (Tr. 1-6). Plaintiff appealed to this Court, and the parties stipulated to a remand to the Commissioner on September 14, 2021. (Tr. 632-34). The AC ordered a new hearing on October 26, 2021. (Tr. 637-40).

On remand, a telephonic administrative hearing was held before ALJ Arthur Patane, on February 2, 2022, at which Plaintiff appeared, with counsel. (Tr. 593-603). On July 14, 2022, the ALJ issued an unfavorable decision. (Tr. 561-92). This appeal followed.

## DISCUSSION

I.  *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the]

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.     *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."  *Id.* §§423(d)(2)(A), 1382c(a)(3)(B).  The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process."  20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity."  *Id.* §§404.1520(b), 416.920(b).  If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience."  *Id.* §§404.1520(b), 416.920(b).  Second, if the claimant is not engaged in substantial gainful

- 4 -

activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past

relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

### III. *The ALJ's Decision*

At the first step of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 23, 2017, the alleged onset date. (Tr. 568). At step two, the ALJ determined that Plaintiff's severe impairments were: degenerative changes in lumbar spine; obesity; osteoarthritis in the right shoulder; anxiety disorder; major depressive disorder; and posttraumatic stress disorder. (Tr. 569). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of one of the impairments in the Listings. (Tr. 569-72).

Before proceeding to step four of the sequential evaluation, the ALJ determined that Plaintiff had the RFC to perform light work[3] except:

> claimant can lift and carry twenty pounds frequently and ten pounds occasionally; claimant can stand for two hours in an eight-hour workday; claimant can walk for two hours in an eight hour workday; claimant can sit for four hours at a time for a total of eight hours in an eight-hour workday; claimant can occasionally climb stairs, ramps, ladders, and scaffolds; claimant can occasionally balance, stoop, kneel, crouch, and crawl; claimant can occasionally use her dominant right upper extremity; claimant can perform simple, unskilled work; claimant can occasionally interact with supervisors, coworkers, and the public; and claimant can occasionally tolerate changes to the workplace environment.

(Tr. 573-81). At step four, the ALJ found that Plaintiff could perform her past relevant as a parking attendant. (Tr. 581-82). At step five, the ALJ found, in the alternative, Plaintiff could perform jobs that exist in significant numbers in the national economy. (Tr. 582-83). Accordingly, the ALJ concluded that Plaintiff was not disabled. (Tr. 583).

IV.   *Plaintiff's Challenge*

Plaintiff argues, *inter alia*, that the case must be remanded, because the ALJ failed to follow the directives of the AC remand order. The Court agrees.

In its remand order, the AC ordered the ALJ to "further consider the supportability and consistency of the medical opinion evidence pursuant to 20 CFR 4040 1520c, and *articulate* those findings in the hearing decision." (Tr. 638 (emphasis added)). The ALJ failed to do this. There is no express supportability and consistency analysis in the decision. Indeed, the words supportability and consistency are not even used in the

---

[3] Light work involves lifting no more than 20 pounds at a time, with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 416.967(b). Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. *Id.*; SSR 83-10, 1983 WL 31251.

decision.  This makes it very difficult for this Court to understand the ALJ's reasoning and to be able to conduct a meaning review of the record.

In considering Plaintiff's mental functioning, the ALJ relied primarily on the medical opinions of state agency non-examining physicians Drs. Weitzen and Kamin, finding both opinions "generally persuasive."  (Tr. 580).  Despite the AC's remand order, the ALJ's most recent 2022 decision copied the prior analysis of these two medical opinions virtually verbatim from the prior 2020 decision.  (Tr. 26, 580). In the prior 2020 decision, the ALJ stated:

> Even though Dr. Weitzen based his findings purely on a review of claimant's file, I find that his opinion is generally persuasive because his findings are largely consistent with the medical evidence discussed above.
> …
> Even though Dr. Kam [*sic*] based his findings purely on a review of claimant's file, I find that his opinion is generally persuasive because his findings are largely consistent with the medical evidence concerning claimant's mental health issues.

Tr. 26.

In the new 2022 decision, the ALJ repeated the exact same statements:

> Even though Dr. Weitzen based his findings purely on a review of claimant's file, I find that his opinion is generally persuasive because his findings are largely consistent with the medical evidence discussed above.
> …
> Even though Dr. Kam [*sic*] based his findings purely on a review of claimant's file, I find that his opinion is generally persuasive because his findings are largely consistent with the medical evidence concerning claimant's mental health issues.

Tr. 580. Indeed, the ALJ's analysis included the same typographical error, improperly referring to Dr. Kamin as Dr. Kam. (Tr. 26, 580). Clearly, in ordering remand, the AC determined that the prior 2020 analysis of these opinions was inadequate and needed to be supplemented and expanded.  The ALJ failed to do so.  This was legal error requiring

remand. *Parks v. Colvin*, No. 15-CV-6500-FPG, 2017 WL 279558, at *3–4 (W.D.N.Y. Jan. 23, 2017) (quoting 20 C.F.R. § 416.1477); *Perry v. Colvin*, No. 1:14-CV-01028 (MAT), 2016 WL 241364, at *2 (W.D.N.Y. Jan. 21, 2016) ("Remand is thus necessary for the ALJ to fully comply with the Appeals Council's order [.]"); *Ellis v. Colvin*, 29 F. Supp. 3d 288, 299–300 (W.D.N.Y. 2014) ("[F]ailure of an ALJ to abide by the directives in an Appeals Council remand order constitutes legal error requiring remand.").[4]

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is granted and defendant's motion for judgment on the pleadings (Dkt. No.11) is denied. The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:    September 23, 2025
          Buffalo, New York

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　MICHAEL J. ROEMER
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[4] Plaintiff further argues that the case must be remanded because the ALJ made multiple errors: (1) at steps four and five of the sequential evaluation; and (2) in assessing the medical opinion evidence. The Commissioner should also address these issues on remand.